Javier Ramirez **SALASAR**, aka Javier
Ramirez, aka Javier Ramirez–
Salazar, Petitioner,

v.

Loretta E. **LYNCH**, Attorney
General, Respondent.

No. 14–73562

United States Court of Appeals,
Ninth Circuit.

Submitted July 26, 2016 *

August 2, 2016

Andrew Kenneth Nietor, Law Office of
Andrew Nietor, San Diego, CA, for Petitioner.

Benjamin Zeitlin, Trial Attorney, OIL,
DOJ—U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of
the Chief Counsel, San Francisco, CA, for
Respondent.

Before: SCHROEDER, CANBY, and
CALLAHAN, Circuit Judges.

## MEMORANDUM **

Javier Ramirez Salasar, a native and
citizen of Mexico, petitions for review of
the Board of Immigration Appeals' order
dismissing his appeal from an immigration
judge's order denying cancellation of removal and denying his motion to remand.
We have jurisdiction under 8 U.S.C.
§ 1252. We review for substantial evidence
factual findings and review de novo questions of law. *Tamang v. Holder*, 598 F.3d

1083, 1088 (9th Cir. 2010). We review for
abuse of discretion the denial of a motion
to remand. *Romero–Ruiz v. Mukasey*, 538
F.3d 1057, 1062 (9th Cir. 2008). We review
for abuse of discretion the denial of a
motion for a continuance. *Cui v. Mukasey*,
538 F.3d 1289, 1290 (9th Cir. 2008). We
deny the petition for review.

The agency did not err in denying cancellation of removal for failure to establish
lawful admission, where substantial evidence supports the agency's finding that
Ramirez Salasar did not perform agricultural work in the U.S. during the qualifying time period to qualify for permanent
resident status under the Seasonal Agricultural Workers program. *See* 8 U.S.C.
§ 1229b(a)(1) (requiring an alien to have
been "lawfully permitted for permanent
residence for not less than five years" to
be granted cancellation of removal); *Segura v. Holder*, 605 F.3d 1063, 1066 (9th Cir.
2010) ("Although an alien may have been
admitted for permanent residence, he has
not been *lawfully* admitted for permanent
residence if he was precluded from obtaining permanent resident status due to an
inability to meet the prerequisites." (emphasis in original)).

The agency did not abuse its discretion
in denying the motion to remand or in
declining to grant a continuance, where
Ramirez Salasar did not establish prima
facie eligibility for cancellation of removal.
*See Najmabadi v. Holder*, 597 F.3d 983,
986 (9th Cir. 2010) (motion to reopen can
be denied for "failure to establish a prima
facie case for the relief sought" (citation
and quotation marks omitted)); *Ahmed v.
Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009)
(listing factors to consider when reviewing
the denial of a continuance); *see also Mat-*

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

*ter of Hashmi,* 24 I. & N. Dec. 785, 790 (BIA 2009) (focus of the inquiry when determining whether to grant a continuance is the apparent ultimate likelihood of success).

**PETITION FOR REVIEW DENIED.**

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.